Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# FILED

## UNITED STATES DISTRICT COURT

### SEP 18 2024

for the

_____ District of _____

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

_____ Division

|  |  |
|---|---|
| Pastor Isabel Vela | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| (Write the full name of each plaintiff who is filing this complaint. | ) |
| If the names of all the plaintiffs cannot fit in the space above, | ) |
| please write "see attached" in the space and attach an additional | ) |
| page with the full list of names.) | ) |
| -v- | ) |
| | ) |
| | ) |
| Amador County, Amador Superior Court, | ) |
| Amador Sheriff, Amador DA | ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued.  If the | ) |
| names of all the defendants cannot fit in the space above, please | ) |
| write "see attached" in the space and attach an additional page | ) |
| with the full list of names.) | ) |

Case No.  2 24-cv-2535-DJC-CKD
(PS)

*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.      The Parties to This Complaint

#### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

|  |  |
|---|---|
| Name | Pastor Isabel Vela |
| Street Address | 255 North Fulton St #109 |
| City and County | Fresno, Fresno |
| State and Zip Code | California 93701 |
| Telephone Number | 559-667-3608 |
| E-mail Address | |

#### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name                                    Amador County

Job or Title *(if known)*

Street Address                          14531 East School Street

City and County                         Amador, Amador

State and Zip Code                      California 95601

Telephone Number

E-mail Address *(if known)*


Defendant No. 2

Name                                    Amador Superior Court House

Job or Title *(if known)*

Street Address                          500 Argonaut LN

City and County                         Jackson, Amador

State and Zip Code                      California 95642

Telephone Number

E-mail Address *(if known)*


Defendant No. 3

Name                                    Amador Sheriff

Job or Title *(if known)*

Street Address                          700 Court St

City and County                         Jackson, Amador

State and Zip Code                      California 95642

Telephone Number

E-mail Address *(if known)*


Defendant No. 4

Name                                    Amador District Attorney

Job or Title *(if known)*

Street Address                          708 Court Street #202

City and County                         Jackson, Amador

State and Zip Code                      California, 95642

Telephone Number

E-mail Address *(if known)*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
1st Amendment, 22 US Code 6401, Free Exercise Clause, 18 USC 274, 18 US Code 242, 18 USC 241, RFRA of 1993

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff,  *(name)* _____ , is a citizen of the

        State of *(name)* _____ .

    b.    If the plaintiff is a corporation

        The plaintiff,  *(name)* _____ , is incorporated

        under the laws of the State of *(name)* _____ ,

        and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant,  *(name)* _____ , is a citizen of

        the State of *(name)* _____ . Or is a citizen of

        *(foreign nation)* _____ .

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

  b.  If the defendant is a corporation

    The defendant, *(name)*              , is incorporated under

    the laws of the State of *(name)*          , and has its

    principal place of business in the State of *(name)*       .

    Or is incorporated under the laws of *(foreign nation)*      ,

    and has its principal place of business in *(name)*       .

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

  3.  The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

  A.  Where did the events giving rise to your claim(s) occur?
    Please See Attached

  B.  What date and approximate time did the events giving rise to your claim(s) occur?
    Please see Attached

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.    What are the facts underlying your claim(s)? *(For example: What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*
Please see attached

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Please see attached

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see attached

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   9-18-24

Signature of Plaintiff

Printed Name of Plaintiff   Senior Pastor Isabel Vela

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Pastor Isabel Vela
255 North Fulton St
#109
Fresno, CA 93701

UNITED STATES FEDERAL COURT HOUSE

EASTERN DIVISION

PASTOR ISABEL VELA,              ) Case No.: _____
                                 )
     Petitioner                  ) **COMPLAINT**
                                 )
v.                               ) 1) 1ST AMENDMENT
                                 ) 2) 22 US CODE 6401
Amador County, Amador Superior   ) 3) FREE EXERCISE CLAUSE
                                 ) 4) 18 USC 247
Court House, Amador Sheriff,     ) 5) 18 US CODE 242
                                 ) 6) 18 USC 241
Amador DA, Amador County Code    ) 7) RFRA OF 1993
                                 )
Enforcement
_____

NOW COMES the above-named **Pastor Isabel Vela Lead Senior Pastor AND lessee** of the property commonly known as:

**19841 Markely Mine Rd Fiddletown, CA**

COMPLAINT - 1

Petitioner herein, seeks immediate protection from the courts preventing the defendants to engage in a group effort of the following said violations.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1) 1st Amendment

Gives the people the guarantee the freedoms of religion concerning expression and assembly. Here, the defendants have together in the course of their actions prevented, fined, and failed to protect our prayer circles and peaceful assembly.

We were interrupted by Sheriff in the middle of a prayer. The same sheriff department that falsified information to the district attorney on our complaint and desired to prosecute individuals whom trespassed our sanctuary. The DA was provided information of the trespassing and images of the no trespassing and still failed to prosecute. This led to more harassment from the same parties against our persons, property and faith.

The Superior Court House failed to properly handle our request for a civil protection order. Violated our rights to request a new hearing and thus allowed the same individuals to obtain judgements against us.

The city obtained an abatement hearing with falsified information and images obtained without a warrant. At this abatement hearing we were told we could not gather for prayer unless we request special permission from the city. We explained that our gathering are small in number and are family. They proceeded to state we cannot gather to pray unless we have a special permit to do so.

2) **FREE EXERCISE CLAUSE**

Gives the people the right to practice their religion as they please. The defendants have directly or indirectly interrupted prayer and worship. They have hindered the gathering and worshiping or have failed to protect when called upon for those that are interfering and coming against our gathering of prayer and worship.

We have been told that family cannot gather and pray together unless we seek a special permission from the city.

We have an open canopy used to pray under to assist in protection against the elements. We have been told that for this also we need special permission.

We are not able to freely assemble.

We are not able to pray amongst family.

We are not able to worship unless we have special permission.

COMPLAINT - 3

Sheriff will allow others to purposely and intentionally interrupt our prayer and worship service. They falsify information on reports in order to protect those whom trespassed from prosecution whom knowingly, willfully and intentionally hindered our prayers.

**4) 18 USC 247**

*(a) Whoever, in any of the circumstances referred to in subsection (b) of this section— (2)*

*intentionally obstructs, by force or threat of force, including by threat of force against <u>religious real property</u>, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so;*

*shall be punished as provided in subsection (d).*

*(f) As used in this section, the term "<u>religious real property</u>" means any church, synagogue, mosque, religious cemetery, or other <u>religious real property</u>, including fixtures or religious objects contained within a place of religious worship, or real property owned or leased by a nonprofit, religiously affiliated organization.*

We have filed civil restraining actions in the county for protection of trespassers and for the protection of our property that continued to be defaced, broken and removed. No report was properly field and the courts denied us the right to be secure

in our person and our belongings by granting the petition. Further, we were unable to be present at the hearing due to our vehicle being stolen, the courts denied our request to continue the hearing and awarded in favor of the respondents for us not being present.

### 3) 18 US CODE 242

Every defendant has deprived us of our rights under color of law. They have discriminated against us for being Hispanic and for being Christ believers and followers. They have filed fraudulent police reports in order to protect Caucasian trespassers. They have interfered with our prayer and worship. They have intentionally prevented us from obtaining any protection via the courts that would assist in securing our right to be safe. Mr. Brian from the County stated, "maybe if you approached things in a different manner", this leading us to believe that if we do stop our prayers and worship, if we do not go after trespassers using the law and the courts, we would be fine and not having to endure the harassment.

### 4) 18 US CODE 241

*Conspiracy Against Rights Section 241 makes it unlawful for two or more persons to agree to injure, threaten, or*

*intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States or because of his or her having exercised such a right.*

Every defendant has attempted to force us from coming together, has worked together to keep us from obtaining protection and protection against trespassers and are now working together to prevent us from using our property by order abatement hearings and threatening with fines and judgments. The courts have denied us and prevented us any relief and filings for or in defense of our persons and beliefs.

Every Submission and request submitted against our person was accepted and granted. Every relief from any one of the defendants that was sought, was denied and or ignored.

## 5) RFRA OF 1993

*The Religious Freedom Restoration Act of 1993 (RFRA) is a **United States federal law that "ensures that interests in religious freedom are protected"**[1]. It establishes rights beyond those protections afforded by the Constitution's free exercise clause by creating a heightened standard of review for government actions that substantially burden a person's*

*exercise of religion[2]. RFRA has become part of the national debate over same-sex marriage and religious freedom[3].*

- The defendants here failed to protect the expression and exercise of the petitioner's religious freedom by allowing the trespass of others intentionally and maliciously to interrupt prayer and worship.

- The defendants here have interfered with the petitioner's exercise and expression of religion by interfering and interrupting prayer and worship.

- The defendants continued trespass and abatement actions, orders and judgements against the matters that involved coming together to worship and pray.

- Defendants have prohibited the coming together for prayer and worship UNLESS a special permit from the county is obtained.

- Defendants came together to harm and hinder prayer and worship. Sheriff perjured reports to hinder the DA from filing charges against two Caucasian individuals trespassing (which supports our fear of retaliation for

COMPLAINT - 7

being Hispanic and Christ followers). The DA failed to investigate the matter and uphold the law. The Courts failed to provide a protective order and failed to allow for a rescheduling resulting in judgements in favor of the respondents and against the petitioners in that matter. The county is abating the property in order to prevent gatherings for prayer and worship by falsifying information on the report and obtaining images without a warrant or consent.

It is factual with the timeline of events, the actions and in actions of the defendants colluding together, that this matter involves hate crimes against our church, beliefs, and right to exercise and practice along with hate crimes against Hispanics. It should be dully noted that this matter is not the first that has been brought forth against the same defendants with similarities noted.



Dated this 18 day of September 2024

_____
Pastor Isabel Vela

COMPLAINT - 8

# ATTACHMENT "A"

Here we were denied the right to have a motion to vacate judgement without a proper hearing.

Showing a violation of our right to a just and bias free hearing.

The petitioner and the petitioner's attorney on record are also the ones who were allowed to trespass and interrupt our prayer gathering.

# Superior Court of California
**County of Amador**

earch    Calendar Search    Case Access    My Cases                                              I

SON vs. DAVID GARCIA

gs    Parties    Documents    Events    Case Transfer

IS:

| Description | | Filed By |
|---|---|---|
| CV13364 : KELLINE PEARSON vs. DAVID GARCIA | Close | |
| Notice: Judgment Entry<br>2024 | | Plaintiff - I<br>PEARSOI |
| Judgment: Other<br>2024 | | Plaintiff - I<br>PEARSOI |
| Notice RELEVANT AMADOR COUNTY ORDINANCES FOR JUDICIAL NOTICE<br>2024 | | Plaintiff - I<br>PEARSOI |
| Minute Record<br>2024 | | |
| Minute Record<br>2024 | | |
| Minute Record<br>2024 | | |
| Case Management Conf Statement<br>2024 | | Plaintiff - I<br>PEARSOI |
| Request REQUEST FOR COURT JUDGMENT.<br>2024 | | Plaintiff - I<br>PEARSOI |
| Minute Record<br>2024 | | |

| | |
|---|---|
| Minute Record | |
| Minute Record | |
| Minute Record | |
| Case Management Conf Statement | Plaint<br>PEAF |
| Request REQUEST FOR COURT JUDGMENT. | Plaint<br>PEAF |
| Minute Record | |
| Case Management Conf Statement FOR 4.10.24 | Plaint<br>PEAF |
| Correspondence REJECTION LETTER RETURNING FW-001; FW-003; MOTION TO VACATE JUDGMENT, RESPONSE TO COMPLAINT AND MOTION TO DISSMISS WITH PREJUDICE | Clerk |
| Letter LETTER TO DAVID AND MARICURZ GACIA REJECTING MOTION TO VACATE JUDGMENT RESPONSE TO COMPLAINT AND MOTION TO DISMISS WITH PREJUDICE FOR NO FIRST APPEARANCE FEE | Clerk |
| Request: Default REQUEST FOR ENTRY OF DEFAULT. ENTERED AS REQUESTED | Plaint<br>PEAF |
| Notice: Acknowledgement/Receipt DAVID GARCIA SIGNED 11/17/2023 | Plaint<br>PEAF |
| Notice: Acknowledgement/Receipt MARI CRUZ GARCIA SIGNED 11/17/2023 | Plaint<br>PEAF |
| Order: 170.6 Disqualification Honorable J.S. Hermanson | Court |
| Affidavit: 170.6 Disqualification 170.6 OF JUDGE HERMANSON SUBMITTED BY PLAINTIFF | Plaint<br>PEAF |
| Summons: Filed | Plaint<br>PEAF |
| Civil Case Cover Sheet | Plaint<br>PEAF |
| Notice-Assignment-Delay Reduction-CMC | Clerk |
| Complaint | Plaint<br>PEAF |

I vs. DAVID GARCIA

| Parties | Documents | **Events** | Case Transfer |

| | Type | Result | Officia |
|---|---|---|---|
| 3364: KELLINE PEARSON vs. DAVID GARCIA | | | |
| /30/2024 01:30 PM | Case Management Conference - further | | PAK |
| /30/2024 08:30 AM | Default Hearing - Default Prove Up Hearing | Heard: Taken Under Submission | DAY |
| /29/2024 08:30 AM | Default Hearing - DEFAULT PROVE UP HEARING | Heard: Continued | DAY |
| /07/2024 01:30 PM | Case Management Conference - Further | No Appearance - Tentative Ruling Adopted | PAK |
| /10/2024 01:30 PM | Case Management Conference | No Appearance - Tentative Ruling Adopted | PAK |

ission

| e | Submitted Date | Judge | Decisior |
|---|---|---|---|
| aring | 08/30/2024 | DAY, RENEE C. | |

ling

| e/Type | Tentative Ruling |
|---|---|
| I - Case ent Conference | No appearances necessary. Default entered as requested on December 20, 2023. Matters awaits entry of default judgment. The matter is case management to August 7, 2024 at 1:30 p.m. in Department 3. Updated CMC Statements must be filed and served at least 15 days p |
| I - Case ent Conference | No appearances necessary. After review of the case and Plaintiff's CMC statement, a default prove up hearing is currently set for August : is continued for further case management to October 30, 2024 at 1:30 p.m. in Department 3. If default judgment is entered prior to the nex will be vacated. |

# ATTACHMENT "B"

Proof of the no trespassing signs. Images of the trespassers and their vehicle on our property.

This is the information that County Sheriff denied receiving originally in order to file a report and charges.







# ATTACHMENT "C"

Attempted Civil harassment against the trespassers. It was DENIED. Our Vehicle was stolen right before the hearing, we notified the courts of being unable to attend due to not having the vehicle. Our request was automatically denied and respondents were freed from their obligation to answer for trespassing, anger, and being confrontational

**\*\*the Respondents RESPONSE was never served on us and the court still allowed them to proceed with that answer and be awarded a judgment against us.**

Phone Number Lookup | NumLookup
.com

# Superior Court of California
**County of Amador**

| earch | Calendar Search | Case Access | My Cases | | ls |
|---|---|---|---|---|---|

s. KELLINE HELEN PEARSON

| gs | Parties | Documents | Events | Case Transfer |
|---|---|---|---|---|

s:

| | Description | | Filed By | T |
|---|---|---|---|---|
| | V13352 : DAVID GARCIA vs. KELLINE HELEN PEARSON | | | |
| 024 | Abstract of Judgment Issued | | Respondent - KELLINE HI PEARSON | |
| 024 | Abstract of Judgment Issued | | Respondent - KELLINE HI PEARSON | |
| 024 | Minute Record | | | |
| 024 | Minute Record | | | |
| 024 | Notice NOTICE OF ENTRY OF JUDGMENT OR ORDER | | Respondent - KELLINE HI PEARSON | |
| 024 | Motion Document: Other MOTION TO VACATE JUDGMENT | | Petitioner - DAVID GARCI | |
| 024 | Order ORDER GRANTING ATTORNEY FEES | | Respondent - KELLINE HI PEARSON | |
| 024 | Minute Record | | | |
| 023 | Proof: Service BY MAIL TO DAVID GARCIA OF AMENDED NOTICE OF MOTION DEFENDANT S MOTION FOR ATORNEY FEES FOR HARASSMENT CASE, POINTS AND AUTHORITIES IN SUPPORT OF MOITON DECLARATION O FJOHN B ALLEN IN SUPPORT OF MOTION FOR ATTORNEY FEES FOR HARASSMENT CASE ON 12/12/23 | | Respondent - KELLINE HELEN PEARSON | S 1 |

| | |
|---|---|
| Order ORDER GRANTING ATTORNEY FEES | Respondent - KELLI PEARSON |
| Minute Record | |
| Proof. Service BY MAIL TO DAVID GARCIA OF AMENDED NOTICE OF MOTION DEFENDANT S MOTION FOR ATORNEY FEES FOR HARASSMENT CASE, POINTS AND AUTHORITIES IN SUPPORT OF MOITON DECLARATION O FJOHN B ALLEN IN SUPPORT OF MOTION FOR ATTORNEY FEES FOR HARASSMENT CASE ON 12/12/23 | Respondent - KELLINE HELEN PEARSON |
| Notice AMENDED NOTICE OF MOTION; DEFENDANT'S MOTION FOR ATTORNEY FEES FOR HARASSMENT CASE; POINTS AND AUTHORITIES IN SUPPORT OF MOTION. | Respondent - KELLI PEARSON |
| Declaration DECLARATION OF JOHN B. ALLEN IN SUPPORT OF MOTION FOR ATTORNEY FEES FOR HARASSMENT CASE #1. | Respondent - KELLI PEARSON |
| Motion Attorney's Fees NOTICE OF MOTION; DEFENDANT'S MOTION FOR ATTORNEY'S FEE FOR HARASSMENT CASE; POINTS AND AUTHORITIES IN SUPPORT OF MOTION. | Respondent - KELLI PEARSON |
| Minute Record | |
| Response RESPONSE TO REQUEST FOR CIVIL HARASSMENT RESTRAINING ORDERS | Respondent - KELLI PEARSON |
| Memo: Points and Authorities POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO REQUEST FOR CIVIL HARASSMENT RESTRAINING ORDER | Respondent - KELLI PEARSON |
| Proof of Service by Mail ON 10/24/2023 TO DAVID GARCIA OF CH-120; POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO REQUES FOR CIVIL HARASSMENT RESTRAINING ORDER | Petitioner - DAVID G |
| Order ORDER ON REQUEST TO CONTINUE HEARING | Petitioner - DAVID GARCIA |
| Proof. Service EXHIBITS, NOTICE OF COURT HEARING (CIVIL HARRASSMENT), REQUEST FOR CIVIL HARASSMENT RESTRAINING ORDERS, TEMPORARY RESTRAINING ORDERS NOT ISSUED | Petitioner - DAVID GARCIA |
| Request for Continuance-Hearing/CMC | Petitioner - DAVID G |
| Order on Request to Continue Hearing = ORDER ON REQUEST TO CONTINUE HEARING. | Petitioner - DAVID GARCIA |
| Minute Record | |
| Notice of Hearing | Petitioner - DAVID G |
| Temporary Restraining Order TEMPORARY RESTRAINING ORDER DENIED. | Petitioner - DAVID G |
| Petition:Inj Prohibit Harassment Civil Harassment REQUEST FOR CIVIL HARASSMENT RESTRAINING ORDERS | Petitioner - DAVID G |

*[Handwritten annotation near "Response" row: "Response but no service on the Petitioner"]*

# ATTACHMENT "D"

Sheriff withholding evidence and notice given of said action

**[6] Case 23091316**

From    Pastor Isabel Vela <ofh13.5@proton.me>                                                                                                          ☆ ◁ Mar 8
To      Nwoods@amadorgov.org,  Tyler Ferreira                                                                                                                    ⌄

Deputy Ferreira,

I have received copies of the report and supplemental reports you submitted. You did note that you had not seen nor received images of the black no trespassing signs. I am attaching the images to satisfy that concern. I was not aware that this image had not been uploaded with the previous images. Blessings.

# ATTACHMENT "E"

Though Amador County gave consent to place a gate at the start of easement, which later led to a judgment against us for doing so.

 Gmail

Isabel Vela <ofh.hebrews13.5@gmail.com>

**Fwd: 19841 Markley Mine Road**
1 message

**David Garcia** <davidgarcia5.bm@gmail.com>
To: Isabel Vela <ofh.hebrews13.5@gmail.com>

Mon, Oct 2, 2023 at 4:03 PM

---------- Forwarded message ----------
From: **Richard Vela** <rvela@amadorgov.org>
Date: Tue, Mar 28, 2023 at 8:29 AM
Subject: 19841 Markley Mine Road
To: davidgarcia5.bm@gmail.com <davidgarcia5.bm@gmail.com>

Mr. Garcia,

It was a pleasure speaking with you yesterday concerning the subject property and the private access road that serves your property and three other properties. Your parcel map shows your property extending to the center of Fiddletown Road. However, as a practical matter, the County has a prescriptive easement on the first thirty feet for the operation and maintenance of Fiddletown Road. If you wish to place an entrance feature at the head of the private road, the County would have no objection to it as long as it is placed beyond the thirty foot mark from the center of Fiddletown Road. Anything closer would require an encroachment permit. Please be aware not to inhibit the ability for the property owners to access their properties.

Any work done beyond the thirty foot mark is a private matter and is of no interest to the Transportation and Public Works Department. Regarding the matter with your neighbor regarding the installation of an entrance feature and/or gate, that is a civil matter in which the Department has no say.

If you have any questions, please feel free to contact me.

Richard P. Vela, P.E.
Director
Amador County Department of Transportation and Public Works
810 Court Street
Jackson, CA 95642
209-223-6429 Main
209-223-6467 Direct
rvela@amadorgov.org

# ATTACHMENT "F"

At this abatement hearing we were told we were not allowed to come together as family to pray WITHOUT permission from the county every time we wanted to (a recording is available at the court's request). Other injunction against us and our property for exercising our right to gather and pray and have shelter to do so

**CODE ENFORCEMENT**
COUNTY ADMINISTRATION CENTER

810 Court Street • Jackson, CA 95642-2132
Telephone: (209) 223-6565

## COURTESY NOTICE OF ABATEMENT HEARING DATE

USPS 1ˢᵗ CLASS MAIL

August 2, 2024

To:             David & Maricruz Garcia
                707 Chenin Blanc Dr
                Manteca CA 95337

Affected Property:   Assessor's Parcel Number: 021-100-071-000; CASE C23A-1
                     Property Address: 19841 Markley Mine Rd, Fiddletown, CA 95629

From:            Michelle Gallaher, Code Enforcement Officer

On July 18, 2024, an Administrative Abatement Hearing was held regarding the code violations on the above referenced parcel. The Findings and Recommendation regarding Administrative Abatement Action was signed by the Hearing Board.

The recommendation will now be forwarded to the Amador County Board of Supervisors for adoption at the Board of Supervisors meeting on August 13, 2024, at 9 AM. The case will be heard between the hours of 9 AM – 2PM. If you choose to attend, please give yourself time to be here during that timeframe. The meeting will be held at the Amador County Administration Center, 810 Court Street, Jackson, CA 95642.

If you have any questions regarding this matter, you can contact the office at (209)223-6565 Monday through Friday 8:00A.M. to 4:30 P.M.

Sincerely,

Michelle Gallaher
Code Enforcement Officer



**CODE ENFORCEMENT**
COUNTY ADMINISTRATION CENTER

810 Court Street • Jackson, CA 95642-2132
Telephone: (209) 223-6565

## <u>Order for Administrative Abatement of Violations</u>

August 13, 2024

To:            David & Maricruz Garcia
               707 Chenin Blanc Dr
               Manteca CA 95337

Affected Property:    Assessor's Parcel Number: 021-100-071-000; CASE C23A-1
                      Property Address: 19841 Markley Mine Rd, Fiddletown, CA 95629

From:          Michelle Gallaher, Code Enforcement Officer

Dear Owners,

On August 13, 2024, the Amador County Board of Supervisors adopted the attached Order for Administrative Abatement of Violations regarding the above-referenced parcel which must be in compliance within thirty (30) days.

You must call Code Enforcement to schedule an onsite inspection to verify the property is in compliance. The property must be in compliance on or before September 20, 2024. Noncompliance of the orders shall result in Code Enforcement seeking abatement action and may proceed to abate the violations at your expense (abatement, administration fees, & attorney fees).

If you have any questions regarding this matter or to set up your final inspection, contact my office at (209)-223-6565 Monday through Friday, 8:00 A.M. to 4:30 P.M.

Sincerely,

Michelle Gallaher
Code Enforcement Officer

**Attached: BOS Order**

BEFORE THE BOARD OF SUPERVISORS

COUNTY OF AMADOR, STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter Of: ) | |
| ) | ORDER FOR |
| ) | ADMINISTRATIVE |
| Amador County Department of Code Enforcement ) | ABATEMENT OF VIOLATIONS |
| ) | |
| VS. ) | |
| ) | |
| David & Maricruz Garcia ) | |
| ) | |
| ) | |
| ) | |
| ) | |

After hearing before the Amador County Administrative Abatement Hearing Board ("Hearing Board") on July 18, 2024, said Hearing Board made findings of fact and law, and a recommendation to the Amador County Board of Supervisors regarding the violations existing on the parcel located at 19841 Markley Mine Rd, Fiddletown, California, APN 021-100-071-000 (hereinafter referred to as "the Subject Property").

The Amador County Board of Supervisors, having presided over proceedings regarding this matter at a public hearing on August 13, 2024 and having adopted the Hearing Board's findings and recommendation,

IT IS HEREBY ORDERED that:

1. Adopt and approve the findings of the Hearing Board and declare the unpermitted shed, unpermitted structure and events held on property exist on the parcel of real property located at 19841 Markley Mine Rd, Fiddletown, California, to be a nuisance.

1 of 2

2. Order the property owner to abate the nuisance within 30 days by obtaining a demo permit for unpermitted structure "prayer room" and cease event gatherings that would otherwise require a conditional use permit until such permit is obtained.

3. Secure shed from occupancy by boarding up all windows and doors until permit is obtained for shed and electrical, remove beds, and shed must be used for storage purposes only.

4. Authorize the Code Enforcement Office to secure a bid to abate the nuisance if the owner fails to abate the nuisance within 30 days.

5. Authorize County staff to obtain a court order to inspect the property for compliance and to abate the nuisance at the expense of the property owner, with the County to recover its costs of abatement, including administrative and investigation costs, and attorney fees.

Dated: 8-13-24

Brian Oneto
Chairman, Board of Supervisors

# ATTACHMENT "G"

Judge awarding a involuntary lien on our residential property not having anything to do with the complaint or matter brought before the court.

RECORDING REQUESTED BY

John B. Allen

AND WHEN RECORDED MAIL TO:

Name:      John B. Allen

Address:   P.O. Box 232

City &     Sutter Creek, CA 95685

State

Doc #: 2024-064287
08/01/2024 11:02:31 AM
Page: 1 of 3   Fee: $111.00
Steve J. Bestolarides
San Joaquin County Recorders
Paid By: SHOWN ON DOCUMENT

DOCUMENT TITLE(s)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF AMADOR

DAVID GARCIA

vs.

KELLINE PEARSON

CASE # 23CV13352

ABSTRACT OF JUDGMENT – CIVIL
AND SMALL CLAIMS

| PLAINTIFF   DAVID GARCIA | COURT CASE NO |
|---|---|
| DEFENDANT:  KELLINE PEARSON | 23CV113352<br>23CV13352 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13.  Judgment creditor *(name and address):*

14.  Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.  Name and last known address

Driver's license no. [last 4 digits] and state:                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

17.  Name and last known address

Driver's license no. [last 4 digits] and state:                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.  Name and last known address

Driver's license no. [last 4 digits] and state:                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.  Name and last known address

Driver's license no. [last 4 digits] and state.                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, and State Bar number):
After recording, return to
John B. Allen, CSB #121880
Law Office of John B. Allen
P.O. Box 232
Sutter Creek, CA 95685

TEL NO (209) 223-5705    FAX NO (optional)
E-MAIL ADDRESS (Optional)

[x] ATTORNEY FOR  [x] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF AMADOR
STREET ADDRESS  500 Argonaut Lane
MAILING ADDRESS  same
CITY AND ZIP CODE  Jackson 95642
BRANCH NAME

FOR RECORDER'S USE ONLY

PLAINTIFF: DAVID GARCIA

DEFENDANT. KELLINE PEARSON

| CASE NUMBER |
| 23CV113352  23CV13352 |

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended | FOR COURT USE ONLY |

1. The [x] judgment creditor  [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      David Garcia
      707 Chenin Blanc Drive
      Manteca, CA 95337

   b. Driver's license no. [last 4 digits] and state:    [x] Unknown
   c. Social security no. [last 4 digits]:                [x] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   KELLINE PEARSON
   19750 Markley Mine Road
   Volcano, CA 95689
   Date: 7/19/2024
   JOHN B. ALLEN
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $2,337.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): January 23, 2024
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):
11. A stay of enforcement has
    a. [ ] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):
12. a. [ ] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

This abstract issued on (date): JUL 23 2024

ANDREA C. SEXTON
Clerk, by _____ Deputy

**SAN JOAQUIN**
—COUNTY—

**Office of the Assessor-Recorder-County Clerk**

Steve J. Bestolarides, Assessor-Recorder-County Clerk

Karyn Johnson, Assistant Assessor-Recorder-County Clerk

## ASSESSOR – RECORDER – COUNTY CLERK

### NOTICE OF INVOLUNTARY LIEN

Pursuant to government code Section 27297.5, the County Recorder must notify persons against whom an involuntary lien is recorded.

You are hereby notified that a copy of the recorded document enclosed may be a lien against your real property.

For any information please contact your attorney and/or the claimant of the lien. The County Recorder cannot release this lien from the record without a release of lien from the claimant.

Do not call this office for information. We are merely the agency that places the attached document of record. Our total knowledge of the facts surrounding this lien is contained in the copy of the attached document.

Recorder – County Clerk
Enclosure

44 N. San Joaquin Street  Suite 260  |  Stockton, California 95202  |  T 209 468 3939  |  F 209 468 8040

Rec./Co. clerk 13 (10/15/2021)

# ATTACHMENT "H"

A judgment ordering us to stop coming together and praying. Mind you, every allegation brought forth did not have supporting evidence. Discrepancies in hearing dates and appearances needed or not needed are in the process of being gathered for submission.

John B. Allen CSB #121880
LAW OFFICE OF JOHN B. ALLEN
P.O. Box 232
Sutter Creek, CA 95685
(209) 223-5705

Attorney for Kelline Pearson

**FILED**
Superior Court of California,
County of Amador
**08/30/2024 at 10:43:41 AM**
By: B. MORRIS, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF AMADOR

KELLINE PEARSON,                          ) Case No. 23CV13364
                                          )
Plaintiff,                                ) JUDGMENT GRANTING
                                          ) DECLARATORY RELIEF AND
                                          ) PERMANENT INJUNCTIONS.
v.                                        )
                                          )
DAVID GARCIA,                             )
MARICRUZ GARCIA,                          )
and                                       )
DOES 1-100,                               )
                                          )
Defendants.                               )
                                          )
                                          )
_____ )

Plaintiff KELLINE PEARSON's Default Prove-Up Hearing came on regularly for hearing on August 29, 2024, at 8:30 a.m. in Department 2 with the Honorable Judge Day presiding. Plaintiff Kelline Pearson was present, and represented by John B. Allen. Defendants DAVID GARCIA and MARICRUZ GARCIA were not present, having been defaulted on December 20, 2023.

Upon satisfactory proof, the Court finds the following.

1. Plaintiff has owned Parcel 3 of that certain Record of Survey Boundary Line Adjustment Map recorded August 23, 2000, at Book 53, Page 54 ("53-M-54"), with an address of 19750

JUDGMENT GRANTING DECLARATORY RELIEF AND PERMANENT INJUNCTIONS

-1-

Marklee Mine Road, 95689, since 2002. Plaintiff's Deed was Deed was recorded on July 5, 2002, as Instrument Number 2002-0008107-00. Plaintiff's Parcel 3 has an appurtenant 50-foot wide deeded nonexclusive easement for ingress and egress over Marklee Mine Road through Parcel 2, as shown on the recorded Map 53-M-54. This easement provides access from a public road, the Amador County Road known as Fiddletown Road, to her Parcel 3. Plaintiff's Parcel 3 is the Dominant Tenement and Defendants' Parcel 2 is the Servient Tenement.

2.      Plaintiff has resided there ever since 2002, at first in a trailer while building her house, which was finialled in 2004, and that she comes and goes multiple times daily, including commuting to work in all weather, including rain and snow, and in darkness, as well as Plaintiff towing trailers in and out, plus Plaintiff has guests, licensees and invitees, coming and going, including deliveries of packages and energy and towing large trailers. The whole time Plaintiff has owned Parcel 3, she and persons coming and going to her Parcel 3 have had unobstructed access to and from her home over Marklee Mine Road, which is a dirt road with some rock on parts. It is steep at the top where it connects to Fiddletown Road. Plaintiff has the right to unobstructed access along Marklee Mine Road through Parcel 2 to her Parcel 3.

3.      Defendants bought Parcel 2 of the same map, with an address of 19841 Marklee Mine Road, 95689, in 2022. Defendants' Deed was recorded on August 23, 2022, as Instrument Number 2022-0007200. Parcel 2 is a flag lot that encompasses Marklee Mine Road from where it connects to Fiddletown Road, at the steep part, all the way to Plaintiff's Parcel 3. Defendant David Garcia has threatened to place locked gates across Marklee Mine Road near where it connects to Fiddletown Road and has installed gate posts and hung on them.

4.      Both properties are in the unincorporated area of by Amador County, zoned R1-A, which is Single-family residential-agricultural district. Defendants have been overburdening the easement by conducting gatherings of multiple unrelated people up to and exceeding 25 for church purposes.

JUDGMENT GRANTING DECLARATORY RELIEF AND PERMANENT INJUNCTIONS

-2-

The gatherings are in violation of Amador County Ordinances regarding gatherings, churches, buildings, camping, water, septic, solid waste, noise and shooting. The Court finds that Defendants have been maintaining a nuisance to Plaintiff by excessively loud noises for long periods and at inappropriate times, and that the noises have included screaming, shouting, yelling, amplified sounds of music, plus shooting guns.

5.      The Court further finds that Defendants have been shooting numerous very loud, high powered, rapid (multiple shots per second), gun shots for long periods and at inappropriate times and that it endangers Plaintiff, persons coming and going to and from her home, the public, and can present a fire danger. The Court further finds that shooting is prohibit on Defendant's Parcel 2 under Amador County Ordinance 9.72.090 because it is zoned R1-A and also to the extent the shooting is within 500 feet of her residence.

6.      The Court further finds that both Parcels are in a forested area of high danger from wildland fires. Campfires and shooting are a hazard during fire season.

### ORDERS

**The Court Orders as follows.**

1.      A Permanent Injunction prohibiting Defendants and their successors and persons acting with them or under them or in concert with them from interfering with use of the Easement by Plaintiff and her guests, invitees, and licensees, including placing, closing, locking, or maintaining any gates across Markley Mine Road in any location and including accosting Plaintiff and her guests, invitees, and licensees on the road.

2.      A Permanent Injunction prohibiting Defendants and their successors and persons acting with them or under them or in concert with them from overburdening Markley Mine Road by prohibiting them from making use of Parcel 2 for gatherings or church use or camping more than once per year without complying with all applicable Amador County Ordinances and state laws.

JUDGMENT GRANTING DECLARATORY RELIEF AND PERMANENT INJUNCTIONS

-3-

3.    A Permanent Injunction prohibiting Defendants and their successors and persons acting with them or under them or in concert with them from interfering with Plaintiff's use and enjoyment of her home on Parcel 3 by prohibiting them from screaming, shouting, yelling, broadcasting or projecting amplified sounds or noises that are clearly audible from Plaintiff's Home.

4.    A Permanent Injunction prohibiting Defendants and their successors and persons acting with them or under them or in concert with them from interfering with Plaintiff's use and enjoyment of her home on Parcel 3 by prohibiting them from shooting on Parcel 2 or across Parcel 3, both of which are zoned R1-A, in violation of Amador County Ordinance 9.72.090.

5.    A Permanent Injunction prohibiting Defendants and DOES 1-100 and their successors and persons acting with them or under them or in concert with them from interfering with Plaintiff's use and enjoyment of her home on Parcel 3 and with the public by prohibiting them from using Parcel 2 in in a manner that increases the danger of wildfire to Plaintiff's Parcel 3, including unauthorized campfires and shooting.

6.    A Permanent Injunction prohibiting Defendants and DOES 1-100 and their successors and persons acting with them or under them or in concert with them from interfering with Plaintiff's use and enjoyment of her home on Parcel 3 and with the public by prohibiting them from using Parcel 2 in violation of Amador County Ordinances and state laws.

7.    Costs of $435.00.

**IT IS SO ORDERED:**

Dated: 8/30/24 _____

_____
**JUDGE OF THE SUPERIOR COURT**

JUDGMENT GRANTING DECLARATORY RELIEF AND PERMANENT INJUNCTIONS                    -4-