1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
9
FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
ISABEL VELIA,

No. 2:24-cv-2535-DJC-CKD

12
Plaintiff,
13
v.

ORDER
14
AMADOR COUNTY, et al.,
15
Defendants.
16

17    Plaintiff Isabel Velia, proceeding pro se, has filed a Complaint along with the

18 present Motion for "Emergency Stay Order On All County/State Orders Pending

19 Constitutional Question/Violation Hearing." (Mot. (ECF No. 3).)  The Court construes

20 this to be a Motion for Temporary Restraining Order or Preliminary Injunction.  (Mot.

21 (ECF No. 3).)  In order to obtain a preliminary injunctive relief, a party must establish

22 that they satisfy each of the *Winter* factors: (1) that the plaintiff is likely to succeed on

23 the merits; (2) that the plaintiff is likely to suffer irreparable harm in the absence of

24 preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4)

25 that granting injunctive relief is in the public interest.  *Winter v. Natural Resource*

26 *Defense Counsel Inc.*, 555 U.S. 7, 20 (2008).

27    Plaintiff's Motion does not meet any of the factors required by *Winter*.  The

28 motion is brief.  Plaintiff states that there is a county abatement "along with various

1

1    other liens, injunctions, [and] orders" against a piece of property that is "preventing us

2    from gathering and praying." (Mot. at 1–2.)  Plaintiff also claims that state and county

3    orders have violated their Constitutional right to freedom of religion by "interfering

4    with our right to worship, pray and utilize or land with shelter [and] coverings for

5    prayer." (*Id.*)  Nothing in the motion establishes Plaintiff's likelihood of success on the

6    merits or that Plaintiff will be irreparably harmed without preliminary injunctive relief.

7    Plaintiff also makes no showing on the balance of equities or that granting such an

8    order would be in the public interest.

9          Even looking to Plaintiff's Complaint for insight as to Plaintiff's likelihood of

10   success on the merits, it is not clear that Plaintiff's claims will even pass the screening

11   stage of these proceedings as currently presented.[1]  Many of Plaintiff's stated claims

12   are based on criminal statutes which do not typically provide a private civil cause of

13   action. (*See* Compl. at 4–6 (citing 18 U.S.C. §§ 247, 241, 242); *see also Aldabe v.*

14   *Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) ("[18 U.S.C. §§ 241 and 242] provide no

15   basis for civil liability."); *Monet v. United States*, No. 97-00281-DAE, 1997 WL 1038149,

16   at *2 (D. Haw. Sept. 15, 1997) ("[18 U.S.C. § 247] provides no private right of action.")

17   Those claims in the Complaint for which civil causes of action do exist – Plaintiff's First

18   Amendment and Religious Freedom Restoration Action claims – rest on unclear,

19   vague, or conclusory factual allegations. (Mot. at 2–4, 6–8.)  Thus, even considering

20   the allegations in the Complaint, Plaintiff has not established a likelihood of success

21   on the merits.

22   ///

23   ///

24   ///

25   ///

26   _____

27   [1] As a plaintiff proceeding pro se and in forma pauperis, Plaintiff is subject to the screening
     requirements of 28 U.S.C. § 1915.  Nothing in this order should be construed as a final determination of

28   whether Plaintiff states a cognizable claim for purposes of screening.

Accordingly, Plaintiff's Motion (ECF No. 3) is DENIED without prejudice.  This matter is referred to the assigned Magistrate Judge for all further proceedings.

Dated:  September 19, 2024

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

3