UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VELA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMADOR COUNTY, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-02535-DJC-CKD (PS)<br><br><br>ORDER |

Plaintiff, Pastor Isabel Vela, proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff requests to proceed in forma pauperis and makes the showing required by 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application to proceed in forma pauperis is granted.

Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint fails to state a claim and must be dismissed. However, plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

I.   **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

**II.    ALLEGATIONS IN PLAINTIFF'S COMPLAINT**

Plaintiff is the lessee of the property commonly known as 19841 Markely Mine Rd, Fiddletown, CA. (ECF No. 1 at 7.) Defendants are Amador County, Amador Superior Court House, Amador Sheriff, and Amador District Attorney. (Id. at 2.)

Under the complaint's general allegations, the defendants interfered with prayer circles and peaceful assembly. (ECF No. 1 at 8.) The Sheriff interrupted a prayer and falsified information to the district attorney. (Id. at 8, 13.) The district attorney failed to prosecute two Caucasian individuals who trespassed. (Id.) Proper reports were not filed for property that was defaced, broken, and removed. (Id. at 10.)

The city obtained an abatement hearing with falsified information and images obtained without a warrant. (ECF No. 1 at 9.) At the abatement hearing, plaintiff was informed "we cannot gather to pray unless we have a special permit to so." (Id.) Special permission is being required

for using a canopy outside at prayer gatherings to protect against the elements. (Id. at 9, 13.)

The defendants "discriminated against us for being Hispanic and for being Christ believers and followers." (ECF No. 1 at 11.) "Mr. Brian from the County stated, 'maybe if you approached things in a different manner[…]'" (Id.) This statement led plaintiff to believe "that if we do stop our prayers and worship, if we do not go after trespassers using the law and the courts, we would be fine and not having to endure the harassment." (Id.)

An Order for Administrative Abatement of Violations attached to the complaint indicates the Amador County Administrative Abatement Hearing Board determined the "unpermitted shed, unpermitted structure and events held on property" were a nuisance following a public hearing held on August 13, 2024. (ECF No. 1 at 33.) The shed was boarded up and ordered to be used only for storage purposes until abatement of the nuisance. (Id. at 34.)

On August 30, 2024, in Amador County Small Claims case David Garcia v. Kelline Pearson, Case No. 23CV13352, the superior court issued a permanent injunction prohibiting several matters from occurring on the property plaintiff leases, including "overburdening Markley Mine Road by prohibiting them from making use of Parcel 2 for gatherings or church use or camping more than once per year without complying with all applicable Amador County Ordinances and state laws." (ECF No. 1 at 45.) Under the complaint's allegations, the Superior Court denied plaintiff's request to continue the hearing and "awarded in favor of the respondents for us not being present." (Id. at 11.)

The complaint cites the First Amendment Free Exercise Clause, 22 U.S.C. § 6401, 18 U.S.C. § 274, 18 U.S.C. § 241, and "RFRA of 1993." (ECF No. 1 at 3.) The complaint appears to seek injunctive relief only (see id. at 8), and does not explicitly seek monetary damages.

**III.    DISCUSSION**

The complaint contains many generalized statements and legal arguments but is short on necessary factual allegations describing which defendants did what, and when, to violate plaintiff's rights. In general, listing laws and setting forth legal standards does not assist a plaintiff to state a claim because the pleading standard requires enough factual allegations to give fair notice of the claims. See Iqbal, 556 U.S. at 678.

3

**A. Criminal Statutes do not provide a Cause of Action**

Plaintiff's complaint references several criminal statutes which do not provide a private civil cause of action. (See ECF No. 1 at 4-6 (citing 18 U.S.C. §§ 247, 241, 242); see also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) ("[18 U.S.C. §§ 241 and 242] provide no basis for civil liability."); Monet v. United States, No. 97-00281-DAE, 1997 WL 1038149, at *2 (D. Haw. Sept. 15, 1997) ("[18 U.S.C. § 247] provides no private right of action."). Accordingly, plaintiff fails to state a claim under any criminal statute cited.

**B. RFRA**

The Religious Freedom Restoration Act ("RFRA") provides a private cause of action, but only federal officers can be sued under RFRA. See 42 U.S.C. § 2000bb et seq.; Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 424 (2006) ("Under RFRA, the Federal Government may not, as a statutory matter, substantially burden a person's exercise of religion, "even if the burden results from a rule of general applicability." (internal quotation marks omitted)). Plaintiff does not allege any action by the federal government or a federal actor and does not state a claim under RFRA.

**C. 42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. The court considers below whether plaintiff has alleged a violation of rights under the First Amendment or Fourth Amendment and concludes no claim is stated.

**1. First Amendment**

The Free Exercise Clause of the First Amendment provides "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. CONST., amend. I. Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. See Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). Not all burdens on religion are unconstitutional. See Fulton v. City of Philadelphia, 593 U.S. 522, 533 (2021) (neutral and generally applicable

laws are subject to rational basis scrutiny); id. at 541 (laws that are not neutral and generally applicable must survive strict scrutiny review by advancing "interests of the highest order" and being narrowly tailored to achieve those interests).

Plaintiff's claims under the First Amendment rest on unclear, vague, and conclusory allegations regarding enforcement of nuisance abatement proceedings that infringed on plaintiff's group worship on the property plaintiff leases. The court construes the complaint liberally to infer that plaintiff's participation in group worship is based on a sincerely held religious belief. However, plaintiff does not adequately allege that any specific person burdened the practice of plaintiff's religion.

Instead, the present complaint sues only entity defendants. To bring a claim under section 1983 against a local government entity, plaintiff must allege facts showing the execution of an official policy or unofficial custom inflicted the injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The complaint, as pleaded, does not contain allegations that plausibly suggest a county policy or practice inflicted the injury. Instead, plaintiff appears to allege her church or group was singled out for discrimination. Plaintiff does not adequately allege a person or entity burdened the practice of plaintiff's religion, and therefore fails to state a claim for a violation of her Free Exercise rights under the First Amendment.

### 2. Fourth Amendment

To prevail on a section 1983 claim based on the Fourth Amendment, a plaintiff must show the state actor's conduct was an unreasonable search or seizure. Mendez v. Cty. of Los Angeles, 897 F.3d 1067, 1074-75 (9th Cir. 2018). "A Fourth Amendment search occurs when a government agent obtains information by physically intruding on a constitutionally protected area... or infringes upon a reasonable expectation of privacy[.]" Whalen v. McMullen, 907 F.3d 1139, 1146 (9th Cir. 2018) (internal quotation marks and citations omitted). The Fourth Amendment's requirements apply to entries onto private land to search for and abate suspected nuisances. Conner v. City of Santa Ana, 897 F.2d 1487, 1490 (9th Cir. 1990). In addition, the removal of personal property can be a seizure within the meaning of the Fourth Amendment. See e.g. Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).

The complaint fails state a claim for an unreasonable search or seizure. Plaintiff alleges unidentified individuals trespassed, abatement proceedings were based on images obtained without a warrant, and proper reports were not filed for property that was defaced, broken, and removed. These allegations are too vague and conclusory to state a claim under the Fourth Amendment. Moreover, plaintiff does not identify any specific person who took the above-described actions.

As set forth above, the complaint names only entity defendants. Plaintiff does not allege any facts suggesting that the execution of an official policy or unofficial custom inflicted a Fourth Amendment injury on plaintiff, and therefore fails to state a claim under the Fourth Amendment against any entity defendant. See Monell, 436 U.S. at 694.

### D. Rooker-Feldman Doctrine

Separately, and in addition to the defects described above, the Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923)). The Rooker-Feldman doctrine applies to federal constitutional challenges to state court decisions, including claims under 42 U.S.C. § 1983. Benavidez v. County of San Diego, 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting Doe & Assocs. Law Offs. v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001)).

A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "Once a federal plaintiff seeks to bring a forbidden de facto appeal, … that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158; see Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

Plaintiff does not expressly seek relief from a specific order or judgment of the state court. However, to the extent plaintiff's claims for injunctive relief are based on a theory that the state court's rulings violated plaintiff's rights, and to the extent plaintiff seeks injunctive relief

from this court to remedy an alleged injury flowing from a state court judgment, this court lacks jurisdiction over the claims. See Doe, 252 F.3d at 1030; Cooper, 704 F.3d at 782.

## IV. CONCLUSION AND ORDER

The complaint must be dismissed, although it is not clear plaintiff could not allege additional facts to remedy the defects described above and state a claim. However, plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff chooses to file an amended complaint, it should be titled "First Amended Complaint" and must make clear which defendants are being sued for which alleged violations of plaintiff's rights. The amended complaint must be complete by itself without reference to any prior pleading. See Local Rule 220.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, vela24cv2535.scrn

7